IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM GRECIA,<br><br>    Plaintiff,<br><br>vs.<br><br>DISCOVER FINANCIAL SERVICES, INC.,<br><br>    Defendant. | Case No.<br><br>Hon. |

# COMPLAINT

William Grecia brings this patent-infringement action against Discover Financial Services, Inc. ("Discover").

## Parties

1. William Grecia is an individual residing in Downingtown, Pennsylvania.

2. Discover is a Delaware corporation, having its principal place of business in Riverwoods, Illinois.

## Jurisdiction and Venue

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq*.

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court may exercise personal jurisdiction over Discover. Discover conducts continuous and systematic business in this District; and this patent-infringement case arises directly from Discover's continuous and systematic activity in this District. In short, this Court's exercise of jurisdiction over Discover would be consistent with the Illinois long-arm statute and

traditional notions of fair play and substantial justice.

6. Discover's has committed acts of infringement in this District, and Discover maintains a regular and established place of business in this District. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) and 1400(b).

**Count 1 – Infringement of U.S. Patent No. 8,887,308**

7. Mr. Grecia owns United States Patent 8,887,308 (the "'308 patent") (attached hereto as Exhibit A).

8. Discover infringes claim 1 of the '308 patent through provision of Discover Digital Exchange (hereinafter, "DDX").

9. For illustration, and without limitation to the services and attributes of those services that Grecia alleges infringe claim 1 of the '308 patent, Discover infringes the '308 patent as follows:

   a. Claim 1's process begins by "receiving an access request for cloud digital content through an apparatus in process with at least one CPU . . . ." (Ex. A, 14:34-35.) Discover performs this step when a Discover apparatus (the "Apparatus") receives an individual's primary account number ("PAN") associated with the individual's credit card.

   b. In claim 1, the process involves "authenticating the verification token of (a) using a database recognized by the apparatus of (a) as a verification token database . . . ." (Ex. A, 14:45-47.) Discover performs this step when Discover authenticates the individual's PAN with the issuer (i.e., the bank that issued the credit card to the individual).

   c. Next, claim 1 involves "establishing an API communication between the

apparatus of (a) and a database apparatus . . . wherein establishing the API communication requires a credential assigned to the apparatus of (a) . . . ." (Ex. A, 14:48-55.) Discover performs step (c) of claim 1 when Discover establishes a connection between the Apparatus and Discover's token service provider. This API communication is possible because Discover has been issued and assigned a "Token Requestor ID" per the EMVCo Tokenization Specification.

d. Claim 1 involves "requesting the query data . . . wherein the query data request is a request for the at least one verified web service identifier; then receiving the query data requested . . . ." (Ex. A, 14:63-15:2.) Discover performs this step of the '308 patent's process when Discover requests and receives a token (i.e., one or more numbers recognized by Discover as a tokenization value).

e. Claim 1 involves "creating a computer readable authorization object by writing into the datastore of (a) at least one of: the received verification data of (a); and the received query data of (e) . . . ." (Ex. A, 15:3-6.) Discover performs this step when Discover writes the token (i.e., received query data of (e)) to the Discover token vault (the "Vault").

f. Finally, "the computer readable authorization object is processed by the apparatus of (a) using a cross-referencing action during subsequent user access requests to determine one or more of a user access permission for the cloud digital content." (Ex. A, 15:10-14.) Discover processes the token subsequently when the individual makes purchases and the token is cross-

referenced with the PAN.

**Count 2 – Infringement of U.S. Patent No. 8,533,860**

10. Mr. Grecia owns United States Patent 8,533,860 (the "'860 patent") (attached as Exhibit B).

11. Discover infringes claims 9, 10, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 of the '860 patent through provision of DDX.

12. For illustration, and without limitation to the systems and services and attributes of those systems and services that Grecia alleges infringe the claims of the '860 patent, Discover infringes claim 21 of the '860 patent as follows:

   a. Claim 21 is a computer product configured to the act of "receiving a digital content access request from the communications console, the access request being a read or write request of metadata of the digital content, the metadata of the digital content being one or more of a database or storage in connection to the computer product, the request comprising a verification token corresponding to the digital content . . . ." (Ex. B, 17:62-18:1.) Discover's computer performs this step when the Apparatus receives an individual's PAN. The request is received from any one of the individual's mobile telephone, a merchant's point of sale terminal, or a bank's automatic telling machine. This access request is processed by Discover as a write request to the Vault.

   b. In claim 21, the configured apparatus includes "authenticating the verification token . . . ." (Ex. B, 18:13.) Discover performs this step when Discover authenticates the individual's PAN with the issuer.

c. Claim 21: "establishing a connection with the communications console . . . wherein the API is related to a verified web service, the web service capable of facilitating a two way data exchange session to complete a verification process wherein the data exchange session comprises at least one identification reference . . . ." (Ex. B, 18:14-22.) Discover performs this step of claim 1 when Discover establishes a connection between the Apparatus and Discover's token service provider. This API communication is possible because Discover has been issued and assigned a "Token Requestor ID" per the EMVCo Tokenization Specification.

d. In claim 21, the identification reference is requested and received from the communications console. (Ex. B, 18:23-32.) Discover performs this step of claim 21's configured method when Discover requests and receives a token (i.e., one or more numbers recognized by Discover as a tokenization value).

e. Claim 21 involves "writing at least one of the verification token or the identification reference into the said metadata." (Ex. B, 18:33-34.) Discover performs this step when Discover writes the token to the Vault.

**Count 3 – Infringement of U.S. Patent No. 8,402,555**

13. Mr. Grecia owns United States Patent 8,402,555 (the "'555 patent") (attached as Exhibit C).

14. Discover infringes claims 1, 2, 3, 7, 8, 10, 11, 12, 13, 15, 16, 17, 18, 21, 22, 23, 24, and 25 of the '555 patent through provision of DDX.

15. For illustration, and without limitation to the systems and services and attributes of those systems and services that Grecia alleges infringe the claims of the '555 patent, Discover

infringes claim 1 of the '555 patent as follows:

    a. Claim 1 involves "receiving an encrypted digital media access branding request from at least one communications console of the plurality of data processing devices, the branding request being a read or write request of metadata of the encrypted digital media, the request comprising a membership verification token provided by a first user . . . ." (Ex. C, 14:39-44.) Discover performs this step when the Apparatus receives an individual's PAN. The request is received from any one of the individual's mobile telephone, a merchant's point of sale terminal, or a bank's automatic telling machine. This access request is processed by Discover as a write request to the Vault.

    b. Claim 1: "authenticating the membership verification token, the authentication being performed in connection with a token database . . . ." (Ex. C, 14:46-48.) Discover performs this step when Discover authenticates the individual's PAN with the issuer.

    c. Claim 1: "establishing a connection with the at least one communications console . . . wherein the API is related to a verified web service, the verified web service capable of facilitating a two way data exchange to complete a verification process . . . ." (Ex. C, 14:49-55.) Discover performs this step of claim 1 when Discover establishes a connection between the Apparatus and Discover's token service provider. This API communication is possible because Discover has been issued and assigned a "Token Requestor ID" per the EMVCo Tokenization Specification.

    d. In claim 1, the identification reference is requested and received from the

    communications console. (Ex. C, 14:56-61.) Discover performs this step of claim 1's method when Discover requests and receives a token (i.e., one or more numbers recognized by Discover as a tokenization value).

  e. Claim 1: "branding metadata of the encrypted digital media by writing the membership verification token and the electronic identification reference into the metadata." (Ex. C, 14:62-64.) Discover performs this step when Discover writes the token to the Vault.

### Prayer for Relief

WHEREFORE, Mr. Grecia prays for the following relief against Discover:

(a) Judgment that Discover has infringed claims of the '308 patent, the '860 patent, and the '555 patent;

(b) For a reasonable royalty;

(c) For pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

(d) For post-judgment injunctive relief; and

(e) For such other and further relief as the Court may deem just and proper.

### Demand for Jury Trial

Mr. Grecia demands a trial by jury on all matters and issues triable by jury.

Date: <u>October 10, 2017</u>    Respectfully submitted,

            */s/ Matthew M. Wawrzyn*
            Matthew M. Wawrzyn (#6276135)
            *matt@wawrzynlaw.com*
            Stephen C. Jarvis (#6309321)
            *stephen@wawrzynlaw.com*
            **WAWRZYN & JARVIS LLC**
            2700 Patriot Blvd., Suite 250
            Glenview, IL 60026
            847.656.5864

            *Counsel for Plaintiff William Grecia*